FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LITTLE BUTTE PROPERTY OWNERS WATER ASSOCIATION, a Washington nonprofit corporation, | NO: 2:17-CV-162-RMP |
| Plaintiff/Counterclaim Defendant, | ORDER RESOLVING MOTIONS |
| v. | |
| KEN B. BRADLEY, an individual; | |
| Defendant/Counterclaimant, | |
| _____ | |
| KEN B. BRADLEY, | |
| Third Party Plaintiff, | |
| v. | |
| CHELAN COUNTY; CHELAN COUNTY SHERIFFS OFFICE; OFFICER DOMINIC MUTCH; OFFICER CHRIS EAKLE; OFFICER MIKE LAMON; and JANE AND OR JOHN DOE OFFICERS 1-10, | |
| Third Party Defendants. | |

_____

ORDER RESOLVING MOTIONS ~ 1

BEFORE THE COURT are the following motions: (1) a motion to partially dismiss, for failure to state a claim, Defendant and Third Party Plaintiff Ken Bradley's claims based on the Washington State Constitution, brought by Third Party Defendants Chelan County, *et al.* (the "Chelan County Defendants"), ECF No. 15; (2) a motion to dismiss Defendant and Counterclaimant Ken Bradley's counterclaims, by Plaintiff and Counterclaim Defendant Little Butte Property Water Association ("Little Butte"), ECF No. 14; (3) a motion for preliminary injunction by Defendant and Counterclaimant Mr. Bradley, ECF No. 25; and (4) a motion to exclude expert witness testimony, by Plaintiff Little Butte, ECF No. 16. The Court heard Little Butte's motion to dismiss and Mr. Bradley's motion for a preliminary injunction with oral argument, and the remaining motions without oral argument.

Having reviewed the parties' filings, heard argument, and determined the relevant law, the Court resolves the motions as follows.

## BACKGROUND

This is a procedurally complex matter, in which the parties' roles are multi-faceted: Little Butte is Plaintiff and Counterclaim Defendant; Mr. Bradley is Defendant, Counterclaimant against Little Butte, and Third Party Plaintiff against the Chelan County Defendants; and the Chelan County Defendants are Third Party Defendants, brought into the case by Mr. Bradley's cross-claims. ECF Nos. 1-1, 7, and 8. For the sake of clarity, the Court primarily will refer to the parties by their names.

Without prematurely engaging in formal fact-finding, the Court merely summarizes the various factual disputes between the parties and the key events as they appear to the Court at this stage.

Mr. Bradley owns property in or near Chelan, Washington. Although not a member of Little Butte, he is entitled to receive water, subject to payment of assessments, pursuant to a judgment entered in 1982 involving prior owners of the property. However, Mr. Bradley maintains that he "did not have to pay maintenance and upkeep fees under his grandfathered status to the Water Association," which Little Butte denies. ECF Nos. 7 at 7; 8 at 6.

The dispute among the parties originates with two events, which Mr. Bradley maintains are materially related, and Little Butte maintains are not. First, Little Butte notified Defendant of an impending water line replacement in September 2013. Little Butte claimed a right of entry onto Mr. Bradley's property to maintain or repair the pipeline running underneath a portion of the lot. Around October 2013, Mr. Bradley and Little Butte engaged in a conflict over whether Little Butte and its contractor could access the property. Mr. Bradley claims that Little Butte would not provide Mr. Bradley with proof of insurance to demonstrate that any damage done to his property would be corrected. Little Butte claims that Mr. Bradley blocked access to the easement across his property.

By the end of October 2013, Little Butte filed a lawsuit against Mr. Bradley in Chelan County Superior Court for temporary and permanent injunctive relief to

enjoin Mr. Bradley from interfering with Little Butte's access to the water line according to the easement and for damages for the delay in accessing it. The Chelan County Superior Court granted the temporary injunction, and Little Butte's contractor began work on the water line under Mr. Bradley's property. Little Butte alleges that Mr. Bradley again inhibited access to the property, causing Little Butte to incur costs for the delay. Little Butte obtained a contempt order, with the court holding Mr. Bradley in contempt for failing to adhere to the preliminary injunction and awarding Little Butte $2000 in attorney's fees and costs.

Little Butte completed the work on Mr. Bradley's property. Mr. Bradley claims that the excavation that Little Butte's contractor performed on the property to replace the water line caused invasive weed growth that Mr. Bradley did not notice until May 2014, and that Little Butte "did as much as $300,000 in damage to the landscape." ECF No. 7 at 15.

In August 2014, the Chelan County Superior Court entered judgment in favor of Little Butte. In September 2014, Little Butte secured a civil bench warrant for Mr. Bradley. Mr. Bradley alleges that the Chelan County Defendants' service of the civil bench warrant in October 2014, at the initiative of Little Butte, triggered Mr. Bradley's post-traumatic stress disorder, caused physical injuries, and subjected Mr. Bradley to wrongful arrest and detention. These events underlie Mr. Bradley's pending 42 U.S.C. § 1983 claims for violations of his civil rights and tort claim for infliction of emotional distress.

Mr. Bradley alleges that in January 2017, the August 2014 judgment in favor of Little Butte was vacated for insufficient personal service of the complaint on Mr. Bradley.[1]  The Chelan County Defendants removed the Chelan County Superior Court action to this Court, based on federal question jurisdiction, on May 12, 2017. ECF No. 1.

The second event, which Mr. Bradley posits is materially related to the above events, but Little Butte disagrees, is that Little Butte shut off water service to Mr. Bradley's property in October 2014 on the basis that he had not paid the required fees and assessments for domestic water rates and for maintenance of the water line. Mr. Bradley asserted at oral argument that Little Butte's refusal to supply water to his property is related to the damage done to his property outside the boundaries of his easement.  Little Butte responded that the termination of water service to Mr. Bradley's property is not related to either Little Butte's claims or Mr. Bradley's counterclaims in this action.  ECF No. 28 at 4–5.

---

[1] The purported order that Mr. Bradley submits to support this factual assertion is dated December 12, 2012, which the Court assumes is a typo, is not signed by the presiding judge, and is not stamped as filed in Chelan County Superior Court. ECF No. 18-1 at 19–20.  However, the fact that the August 2014 judgment was vacated for lack of personal service was not disputed by Little Butte in briefing, *see* ECF No. 14 at 3, or at oral argument.  Little Butte merely emphasized that the October 2013 temporary restraining order and November 2013 contempt order were not disturbed by the January 2017 ruling.

Little Butte amended its complaint in January 2017, seeking to dissolve the October 24, 2013 temporary restraining order and replace it with a permanent injunction against Mr. Bradley from interfering with Little Butte's right of access over the easement. ECF No. 1-1 at 19–24. Little Butte also seeks a judgment for the state court's November 26, 2013 award of $2000 in attorney fees and costs and $23,868 in delay damages from Mr. Bradley for inhibiting Little Butte's work within the organization's alleged easement across his property in 2013. *Id*.

Mr. Bradley raises a number of affirmative defenses to Little Butte's claims and states a number of counter- and cross-claims for violations of his Federal constitutional rights, under 42 U.S.C. § 1983, and Washington State constitutional rights.

## DISCUSSION

### *Chelan County Defendants' Motion to Dismiss Claim under the Washington State Constitution*

As a preliminary matter, the Court notes that Mr. Bradley does not oppose the Chelan County Defendants' motion to dismiss Mr. Bradley's Washington State constitutional claim against them. ECF No. 21. Mr. Bradley further concedes that his claim against Little Butte for a civil rights violation under the Washington State Constitution also may be dismissed, subject to the reservation that any of his allegations related to his state constitutional claims should not be stricken "in so much as they support the remaining tort claims" in his Amended Answer. ECF No.

21 at 2; *see also* ECF No. 7 (Amended Answer).  Accordingly, the Chelan County Defendants' motion to dismiss is granted, and Mr. Bradley's cross-claim against the Chelan County Defendants and counterclaim against Little Butte for violation of Article 1, Section 7, of the Washington State Constitution are dismissed.

### Little Butte's Motion to Dismiss Mr. Bradley's Counterclaims

Little Butte moves to dismiss the four counterclaims pursuant to Fed. R. Civ. P. Rule 12(c), principally on the basis that they are time-barred by the applicable statutes of limitations.  Alternatively, Little Butte seeks dismissal of Mr. Bradley's fourth counterclaim, alleging trespass onto his property, on the basis that he fails to plead that he suffered "actual and substantial" damages within the three years before filing of the counterclaim.  Also, Little Butte seeks to dismiss Mr. Bradley's counterclaims on the basis that they lack "plausibility" because "the court from which Little Butte sought and obtained relief was acting under color of jurisdiction." ECF No. 14 at 7.

In a late-filed response, [2] Mr. Bradley argues that the statute of limitations for his counterclaims is tolled by Little Butte's initial filing of their complaint in October 2013 and that, even if the limitations period was not tolled, the three-year

---

[2] A party's failure to comply with the Local Rule governing motion practice "may be deemed consent to the entry of an Order adverse to the party who violate[d] the rule."  Local Rule ("LR") 7.1(d).  Nevertheless, in this instance, the Court considers Mr. Bradley's response and proceeds to address the substance of the motion.

statute of limitations on his claims had not run by February 10, 2017, because Mr. Bradley had no knowledge of the harm for the invasive weed problem until spring 2014 and for his injuries stemming from service of the civil warrant until October 2014. Mr. Bradley further argues that his counterclaim for trespass involved an ongoing and continuing invasion of his property interests that "did not devolve to [sic] serious right to privacy issues until Mr. Bradley was removed from his home on October 29, 2014." ECF No. 18 at 7.

A court deciding a motion for judgment on the pleadings under Fed. R. Civ. P. Rule 12(c) applies the same standard that is applied to motions to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A court must assume the allegations in the challenged pleadings, here Defendant's Amended Answer, are true, and must construe the pleading in the light most favorable to the non-moving party. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Leave to amend the deficient pleading is appropriate unless the deficiency cannot be cured by the allegation of other facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

Federal courts apply state statutes of limitations for personal injury actions in evaluating claims brought under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S.

384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985*), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, (2004); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). The statute of limitations for personal injury actions in Washington is three years. Revised Code of Washington ("RCW") 4.16.080. Claims for intentional and negligent infliction of emotional distress, and for destruction of property, trespass, and condemnation, also are subject to a three-year statute of limitations. *Id*.; *see Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 190 (Wash. App. Div. 3, 2009).

Although a federal court looks to state law for the length of the limitations period, federal law governs when the claim accrues. *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (internal quotation omitted)).

A court should grant a motion to dismiss based on the expiration of the statute of limitations only if it is apparent on the face of the complaint that the limitations period has run. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). Here, the Court cannot determine on the face of Mr. Bradley's counterclaims that the statute of limitations had run by February 10, 2017, when Mr. Bradley filed

his initial answer and counterclaims and cross-claims.  *See* ECF No. 1-1 at 33.  Mr.

Bradley's section 1983 counterclaims and cross-claims arise out of events and

alleged injuries in October 2014.  Mr. Bradley's claims related to damage to his

property, based on the face of the complaint, could potentially have accrued within

the limitations period.  Therefore, dismissal of Mr. Bradley's counterclaims based on

the expiration of the statute of limitations is not supported at this juncture.  *See*

*Conerly*, 623 F.2d at 119; *see also Varrasso v. Barksdale*, No. 13-cv-1982-BAS-

JLB, 2016 U.S. Dist. LEXIS 46105, at *19–20 (S.D. Cal. Apr. 5, 2016).  Nor does

the Court find it appropriate to dismiss at this time Mr. Bradley's trespass claim as

flawed due to the nature of the damages alleged or his section 1983 as implausible.

Both issues necessitate looking beyond the pleadings and, thus, are best reserved for

consideration at the summary judgment stage of this matter.

### *Mr. Bradley's Motion for a Preliminary Injunction*

Mr. Bradley also moves the Court to order Little Butte to resume water

service to Mr. Bradley's property.

A preliminary injunction is an "extraordinary and drastic remedy" that may be

granted only upon a "clear showing" that the movant is entitled to such relief.

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  To succeed in securing a

preliminary injunction, the moving party must demonstrate "that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Provided the Court considers all four parts of the *Winter* test, the Court may supplement its preliminary injunction inquiry by considering whether "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [the requesting party's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)). Otherwise stated, the Ninth Circuit's "serious questions" consideration survives *Winter*, "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135. As with any equitable relief, a preliminary injunction generally is not appropriate where adequate legal remedies are available. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").

Further, a preliminary injunction cannot be appropriate absent a "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The relationship or nexus is "sufficiently strong where the preliminary injunction would grant 'relief of the same

character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol.*

*Mines*, 325 U.S. 212, 220 (1945)). Without such a relationship, "the district court

lacks authority to grant the relief requested." *Id.*

Here, the analysis need proceed no further than nexus because Defendant has

not demonstrated that the injunction would grant relief of the same character that

Mr. Bradley seeks through his counterclaims. Mr. Bradley does not seek restoration

of the water service to his property through his Amended Answer and

Counterclaims; he would not be entitled to such relief even if he prevails on his

counterclaims. *See* ECF No. 7 at 23. However, to enhance the record, the Court

briefly addresses the elements of the *Winter* test.

<u>Irreparable Injury</u>

Mr. Bradley alleges that Little Butte continues to "invade his rights" by its

ongoing refusal to provide water to his property. ECF No. 25 at 5. He claims as

injuries from the lack of water service: "hardship, hauling water, no showers, loss of

child visitation rights, fire danger during the summer to his property and is averse

[sic] to his health and cleanliness." *Id.*

To secure preliminary injunctive relief, however, a party must demonstrate,

rather than merely allege, the existence of an immediate threatened injury. *See*

*Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Mr.

Bradley does not demonstrate any imminent harm, and the fact that water service has

been turned off since October 2014 undermines his claim of urgency.

<u>Success on the Merits</u>

Mr. Bradley argues that he "will show and has shown that he has a clear right to his land." ECF No. 25 at 5. However, that does not address the elements of the claims he has raised. Moreover, Defendant does not raise a claim related to resuming water service to his property; therefore, there is nothing for Defendant to show regarding the likelihood of success on the merits.

<u>Public Interest and the Balance of Equities</u>

Although not made explicit, Defendant's showing regarding a public interest in mandating that Little Butte resume water service to his property seems to rely on the same basis as his claim of irreparable injury: the risks of a parched residential lot during fire season. Again, Mr. Bradley already has lived for more than 42 months without water service to his property, through several summers, without damage to the public interest to show for it. Regarding the equities, Mr. Bradley offers nothing to disprove Little Butte's position that he needs only to pay his past due assessments and fees to restore water service to his property.

Accordingly, Mr. Bradley has not shown that he is entitled to a preliminary injunction or even that the Court has authority to grant one on the grounds that he raises. Therefore, the Court denies Mr. Bradley's motion for a preliminary injunction, ECF No. 25.

/ / /

/ / /

***Little Butte's Motion to Exclude Expert Testimony***

Little Butte moves this Court to exclude four identified experts as support for Mr. Bradley's counterclaims. On December 15, 2017, Mr. Bradley disclosed to Little Butte an opinion letter of three damages experts, Aaron Hull, Mellissa Asher, Jerry Benson, and an opinion regarding the scope of the easement from Daniel Gildehaus. ECF No. 17-1 at 2–4, 6. Mr. Bradley's initial disclosures contained the experts' conclusions but did not provide a résumé or any explanation of the experts' methodology or the data they relied on in reaching their conclusions. *See* ECF No. 17-1.

Little Butte provides two bases for its motion. First, Little Butte argues that Mr. Bradley's expert disclosure was procedurally deficient in that he has failed to provide complete initial disclosure under Fed. R. Civ. P. 26(a)(2), and failure to provide initial disclosure requires the exclusion of the experts under Fed. R. Civ. P. 37(c)(1). ECF No. 16 at 8–11. Second, Little Butte argues that Mr. Bradley's experts' opinions are inadmissible under Fed. R. Evid. 702 and the *Daubert* standard. *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579 (1993). Little Butte argues that Mr. Bradley presents insufficient facts and data for the experts to base their opinion on and that Mr. Bradley has presented insufficient information about the experts' methods to conclude that the expert's opinions are reliable. ECF No. 16 at 6-8.

Mr. Bradley claims that his disclosures comply with Fed. R. Civ. P. Rule 26(a)(2) and his experts are reliable under Fed. R. Evid. Rule 702 and the *Daubert* standard. ECF No. 30. Mr. Bradley further argues that the opinions of the experts are reliable because the experts based their opinions on commonly accepted practice, firsthand review of the site, professional experience, and information that Mr. Bradley provided. ECF No. 30 at 3–4, 7.

The Court has reviewed the motion, the memoranda and declarations, all relevant filings, and is fully informed.

<u>Exclusion for Failure to Provide Initial Disclosure</u>

A party must provide initial disclosures to the opposing party, without discovery requests, to identify any witness who may testify as an expert. Fed. R. Civ. P. 26(a)(2)(B). The initial disclosure must be "accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case[.]" *Id*. The report must include:

(1) a complete statement of all opinions the witness will express and the basis and reasons for them**;**

(2) the facts or data considered by the witness to form them;

(3) any exhibits that will be used to summarize or support them;

(4) the witness's qualification, including a list of all publications authored in the previous 10 years;

(5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(6) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

A party who fails to provide Rule 26(a) disclosures may not rely on the undisclosed or deficiently disclosed witness to supply evidence unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The burden rests on the party offering the witness to demonstrate substantial justification or harmless error. *See Yeti by Molly*, 259 F.3d at 1107.

Mr. Bradley anticipates introducing Mr. Gildehaus to testify as to the scope of the easement and Mr. Benson, Ms. Asher, or Mr. Hull to quantify the damages to Mr. Bradley's property as a result of the water line work performed there in 2013. There is no dispute that these witnesses are subject to the initial disclosure requirements of Fed. R. Civ. P. Rule 26(a)(2)(B). ECF No. 30 at 5, 8. Yet Mr. Bradley did not provide a résumé or statement of the witnesses' qualifications or a description of the methods, reasons, and data underlying the experts' opinions.

Although Mr. Bradley attempts to provide some of the previously undisclosed information in his response to Little Butte's motion to exclude the expert testimony, ECF No. 30, supplementation of an expert report with information that was available at the time of the initial disclosure is not allowed

simply "because the expert did an inadequate or incomplete preparation." *Tesoro Ref. & Mktg. Co. Llc v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 5030, *31 (N.D. Cal., Jan. 14, 2016) (quoting *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 206, 310 (M.D.N.C. 2002) (internal quotation marks omitted). "'Duties are usually owed to other people, and are not for the benefit of the party who has the duty.'" *Id.* (quoting *Sandata Techs., Inc. v. Infocrossing, Inc., No. 05 CIV. 09546 (LMM) (THK)*, 2007 U.S. Dist. LEXIS 85176 ( S.D.N.Y. Nov. 16, 2007) (finding that a party could not amend an expert report for its own benefit under Fed. R. Civ. P. Rule 26(e)).

Mr. Bradley further argues that any error was harmless because Little Butte has not taken depositions of the experts and there are still several months until the trial date. ECF No. 30 at 8.

However, the Ninth Circuit has held that, where a party's delay to produce initial disclosure information disrupts the court schedule or imposes additional discovery costs, the error is not harmless. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). The discovery cut-off in this matter was February 5, 2018. ECF Nos. 12, 22. Mr. Bradley has not shown why further disclosure, and thus modification of the pretrial schedule, should be allowed; moreover, the effect on the costs incurred by Little Butte in conducting additional discovery and on the Court's need to manage its caseload is not harmless. *See Ollier*, *v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("[T]he

district court's conclusion, that reopening discovery before trial would have burdened Plaintiffs and disrupted the court's and the parties' schedules, was well within its discretion. . . . The late disclosures were not harmless.").

The Court finds that Mr. Bradley failed to provide adequate disclosure under Fed. R. Civ. P. 26(a)(2) and that failure was not substantially justified or harmless. The Court is required to issue sanctions for this failure. Fed. R. Civ. P. 37(c)(1). The Court finds that excluding Mr. Gildehaus, Mr. Benson, Mr. Hull, and Ms. Asher from providing expert testimony is an appropriate sanction for Mr. Bradley's failure to provide initial disclosure as authorized under Fed. R. Civ. P. 37(c)(1). However, the Court further considers whether Mr. Bradley's experts should be excluded under Fed. R. Evid. 702.

<u>Exclusion for Lack of Reliability</u>

Expert testimony is governed by Federal Rule of Evidence 702, which reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert has the burden of establishing that the expert's testimony meets the admissibility requirements by a preponderance of

the evidence.  Fed. R. Evid. 104; *see* Fed. R. Evid. 702 advisory committee's note to 2000 amendment; *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

Generally, relevant expert testimony is admissible.  *See* Fed. R. Evid. 402. In *Daubert*, the Supreme Court held "that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant but reliable.'"  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589).  The Supreme Court has since held that trial courts must analyze all experts' reasoning and methodology, not only that of scientific experts, to determine reliability.  *Kumho Tire*, 526 U.S. at 147.  The trial judge must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is [] valid and whether the reasoning or methodology properly can be applied to the facts in issue."  *Daubert*, 509 U.S. at 592–93 (1993).

"Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."  *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)).

Little Butte argues that Mr. Bradley's damages experts are unreliable because  their report included no evidence to support expert knowledge of "post-construction management" and no methodology for making damages estimations, provided no description of the methods they used, and because they visited the site

ten months after Little Butte completed work on the water line. ECF Nos. 16 at 6–8; 17-1 at 6–7; and 34 at 2. Little Butte further asserts that there is a "gap between the data and the opinion" that is unreliable. *See* ECF No. 16 at 8 (quoting *Joiner*, 522 U.S. at 146). Little Butte disputes the reliability of Mr. Gildehaus's opinion because the survey map he created estimates the easement area within five feet of either side of the map description and is based upon Mr. Bradley's personal assertions of the location of the easement. ECF No. 16 at 7–8; ECF No. 17-1 at 9.

Mr. Bradley responds that Mr. Benson, Mr. Hull, and Ms. Asher based their methodology upon commonly accepted practices and experience. ECF No. 30 at 3. However, none of the documents provided show that Mr. Bradley's experts have specialized knowledge in "post-construction management" or used a methodology that the industry commonly uses for estimating these types of damages. *See* ECF No. 17-1 at 6–7. Mr. Bradley's experts make conclusions about allegedly common practices that Little Butte should have utilized to reduce damages, but they do not provide any information about the methods that they used to evaluate the site, making it impossible to evaluate the reliability of their methods under the *Kumho* factors. *Id*.; *Kumho Tire*, 526 U.S. at 149-50. In addition, Mr. Bradley has not provided the résumé or any recitation of the proposed damages experts' experience for the Court to review in making a reliability determination. ECF No. 34 at 2.

Mr. Bradley argues that Mr. Gildehaus did not render his opinion based on guesswork; rather Mr. Gildehaus based his estimations on experience and industry

standards. ECF No. 30 at 6. However, Mr. Bradley fails to provide evidence of Mr. Gildehaus's experience or methodology. *See United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) (a district court cannot determine an expert's reliability based upon an expert's general qualifications without an explanation of the methods used to arrive at a particular conclusion). Mr. Bradley argues that he has personal knowledge of the water line's location and that Mr. Gildehaus relied upon this knowledge to create the easement map. ECF No. 30 at 6. Even if this basis for Mr. Gildehaus's opinion had been properly disclosed in December 2017, an expert opinion formed primarily in reference to Mr. Bradley's assertion regarding the location of the easement, without relying on objective sources of information, falls short of "help[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Moreover, Mr. Bradley himself made contradictory statements during his deposition, stating that he had no personal knowledge of the water line's location, only where the water line's valves were located. ECF No. 35 at 10; *see Hermanek*, 289 F.3d at 1094; Fed. R. Evid. 702(a).

The Court finds that Mr. Bradley has not presented sufficient evidence demonstrating that his experts have a reliable basis for their opinions, in their knowledge of the surrounding circumstances, or their experience or qualifications in their fields of discipline. *Garcia v. City of Everett*, No. 16-35005, 2018 U.S. App. LEXIS 7087, at *9 (9th Cir., Mar. 21, 2018). Nor has Plaintiff disclosed

adequate information to assess whether the experts' reasoning or methodology is valid. *See id.* Mr. Bradley has not carried his burden. *Bourjaily*, 483 U.S. at 175. Based on Mr. Bradley's failure to disclose the necessary information under Fed. R. Civ. P. Rule 26, and the inadmissibility of the expert opinions under Fed. R. Evid. Rule 702, the Court excludes the testimony of Mr. Gildehaus, Mr. Benson, Mr. Hull, and Ms. Asher.

Accordingly, **IT IS HEREBY ORDERED**:

1. Third Party Defendants' Motion to Dismiss, **ECF No. 15**, is **GRANTED**. Defendant's claims based on the Washington State Constitution are **dismissed with prejudice**.

2. Plaintiff's Motion to Dismiss Defendant's Counterclaims pursuant to Fed. R. Civ. P. 12(c), **ECF No. 14**, is **DENIED**.

3. Defendant's Motion for Preliminary Injunction, **ECF No. 25**, is **DENIED**.

4. Plaintiff's Motion to Exclude Expert Testimony, **ECF No. 16**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 26, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge